Christian Eickelberg, OSB# 143131
Email: Christian@Eickelberglaw.com
Christian Eickelberg, Attorney at Law, LLC
333 SW Taylor St, Suite 300
Portland, OR 97204
Telephone: (503) 664-3644
Fax: (503) 217-5510

**Attorney for Plaintiff Ibrahim Kahl**

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **IBRAHIM KAHL,** | Case No: 3:19-cv-01480 |
| Plaintiff, | |
| v. | **FIRST AMENDED COMPLAINT**<br>**Civil Rights Violations**<br>**False Arrest** |
| **CITY OF PORTLAND, MULTNOMAH COUNTY, DAVID MAIN, KENNETH DULIO.** | **False Imprisonment** |
| | **(42 U.S.C. § 1983)** |
| Defendants. | |
| | **Jury Trial Demanded** |

Plaintiff Ibrahim Kahl, by and through his attorney, Christian Eickelberg, hereby alleges that:

**NATURE OF ACTION**

1.

This is a civil rights action brought by Ibrahim Kahl. On or about July 18, 2018, Probation Officer David Main (Defendant Main) called and ordered Mr. Kahl, a person he had supervised on probation, to come into his office to perform a drug test. Mr. Kahl's probation had

actually ended six days prior; nevertheless, Defendant Main insisted that Mr. Kahl come in and threatened to issue a warrant for his arrest if he did not come into the office. Mr. Kahl did show up, under protest, and performed and failed the drug test. Defendant Main arrested and imprisoned Mr. Kahl for three days for violating the terms of his probation, despite the fact that Mr. Kahl's probation was over. Defendant Main also ordered Mr. Kahl to wear a GPS monitoring device for 30 days, despite the fact that Mr. Kahl's probation was over.

On or about August 9, 2018, Portland Police Officer Kenneth Dulio (Defendant Dulio) encountered Mr. Kahl at a bowling alley. Mr. Kahl was with friends and acquaintances, some of whom Defendant Dulio believed were gang members and therefore people Mr. Kahl was associating with in violation of his probation. Defendant Dulio called and reported this information to Defendant Main. Defendant Main again had Mr. Kahl arrested, and punished him to imprisonment for five days for violating the terms of his probation, again under protest, because Mr. Kahl was no longer on supervision. Defendant Main again forced Mr. Kahl to wear a GPS device after the jail term ended.

On or about August 24, 2018, Defendant Dulio again encountered Mr. Kahl in public at the Century Bar, and arrested and embarrassed Mr. Kahl in front of friends and family for an alleged violation of the terms of his probation. Defendant Dulio only released Mr. Kahl from arrest after later learning that Mr. Kahl did not have a warrant out for his arrest.

These instances represent repeated harassment by law enforcement against Mr. Kahl. The acts and omissions of Defendants violated Mr. Kahl's rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. As a result of Defendant's acts and omissions, Mr. Kahl suffered economic and noneconomic damages. Mr. Kahl is entitled to damages and an award of attorney's fees and costs.

## JURISDICTION AND VENUE

2.

This matter was filed by Plaintiff in state court in Multnomah County, Portland, Oregon on August 12, 2019. Defendants removed this action to Federal court on September 13, 2019. This court has jurisdiction over Plaintiff's claims of violation of federal constitutional rights pursuant to 28 U.S.C. § § 1331(a) and 1343 because the causes of action arise under 42 U.S.C. § 1983. This Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367.

3.

Venue is proper in the District of Oregon pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the District of Oregon and because Defendants are subject to personal jurisdiction in the District of Oregon.

## PARTIES

4.

At all material times, Mr. Kahl was a citizen of the State of Oregon.

5.

At all material times, Defendant Dulio was employed as a law enforcement officer for the Portland Police Bureau, an entity of the City of Portland, Oregon, and was working under the color of state law. He is sued in his individual capacity.

6.

At all material times, Defendant Main was employed as a probation officer for the Multnomah County Department of Community Justice, an entity of Multnomah County in Portland, Oregon, and was working under the color of state law. He is sued in his individual capacity.

7.

At all material times the City of Portland (the City) was a political subdivision of the State of Oregon. The City is a "public body" as defined by ORS § 30.260. The City "is subject to civil action for its torts and those of its officers, employees and agents acting within the scope of their employment or duties[.]" ORS § 30.265.  At all material times, Defendant Dulio was acting pursuant to the City's laws, customs, and/or policies.

8.

At all materials times Multnomah County (the County) was a political subdivision of the State of Oregon. The County is a "public body" as defined by ORS § 30.260. The County "is subject to civil action for its torts and those of its officers, employees and agents acting within the scope of their employment or duties[.]" ORS § 30.265. At all material times, Defendant Main was acting pursuant to the County's laws, customs, and/or policies.

**GENERAL ALLEGATIONS**

9.

On July 12, 2016, Ibrahim Kahl pleaded no contest to Attempted Delivery of a Controlled Substance, and was sentenced to 24-months of formal probation community supervision, to be supervised by Multnomah County Department of Community Justice Probation Officer David Main. The probation had an end date of July 12, 2018. No order was entered extending the probation period. On July 12, 2018, Mr. Kahl's probation ended.

10.

On July 18, 2018, Defendant Main called Mr. Kahl to come into his office for a drug test. Mr. Kahl responded that his probation was over, and therefore he did not have to go into the office. Defendant Main threatened to issue an arrest warrant for Mr. Kahl if he did not comply, and so Mr. Kahl went into the office. Mr. Kahl again protested about having to perform a drug

test because his probation was over, but Defendant Main denied that Mr. Kahl's probation was over, insisted on the drug test, and again threatened to arrest Mr. Kahl if he did not comply. Mr. Kahl gave the drug test which showed positive results for substances. Defendant Main sanctioned Mr. Kahl to three days detention in jail, to be followed by 30 days of GPS electronic monitoring. Mr. Kahl was arrested, served the sanction, and wore the GPS device.

11.

On or about August 9, 2018, Mr. Kahl was at a bowling alley in Portland, Oregon, with friends and family, when Portland Police Officer Kenneth Dulio entered the bowling alley. Defendant Dulio saw Mr. Kahl with people that he believed to be gang members, and believed that Mr. Kahl was on probation and had a condition of this probation that he was not to associate with gang members. On August 9, however, Mr. Kahl was no longer on probation so he had no prohibition on who he associated with. Defendant Dulio called Mr. Kahl's Defendant Main, who located Mr. Kahl by his GPS device that he was still wearing from the July incident. Mr. Kahl left the bowling alley, and the car he was in was pulled over and he was arrested for a probation violation. Again Mr. Kahl protested and said his probation was over, and again Defendant Main disagreed. Defendant Main sanctioned Mr. Kahl to five days of jail, and another 30 days of GPS monitoring.

12.

On or about August 24, 2018, Mr. Kahl was at the Century Nightclub in Portland, with friends and family, when he encountered Defendant Dulio again. Defendant Dulio saw Mr. Kahl and believed he was again associating with gang members and was again in violation of his probation. Defendant Dulio also believed Mr. Kahl had an active warrant for his arrest. Defendant Dulio approached Mr. Kahl, informed him he was under arrest, forced him up, placed him in handcuffs, and escorted him out of the nightclub. Outside of the club, Defendant Dulio

called to confirm the presence of the warrant and was informed that there was no warrant and that Mr. Kahl was no longer on supervision. Defendant Dulio released Mr. Kahl. Mr. Kahl was not allowed back into the club, and was humiliated in front of his friends and family.

## FIRST CLAIM FOR RELIEF

(42 USC 1981 - Violation of the Fourth, Fifth, and Fourteenth Amendment)

13.

Mr. Kahl re-alleges each and every allegation of paragraphs 1 through 12 and incorporates those allegations by reference.

**Count One – False Arrest**

14.

Defendant Dulio's individual acts and omissions caused Mr. Kahl to be arrested without probable cause to believe that he had committed any crime in violation of the Fourth and Fourteenth Amendments to the United States Constitution. Defendant Dulio's actions deprived Mr. Kahl of his right not to be deprived of liberty without due process of law as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution.

**Municipal Liability for Count One**

15.

The City of Portland has established a practice, policy, and/or custom of improperly training, retraining, instructing, supervising, disciplining, and/or allowing its probation officers to enforce ordinances and state law without regard to the constitutional rights of citizens to be free from violations of the Fourth and Fourteenth Amendments, including false arrest and false imprisonment. The City of Portland has established a practice, policy, and/or custom of inadequately and improperly investigating complains of misconduct when it was known or apparent to Multnomah County that its probation officers have violated the Fourth, and

Fourteenth Amendment rights of individuals in the manner complained of in this lawsuit. Defendant Dulio's actions as alleged above are the result of City of Portland's custom or practice in dealing with citizens who have at any time been labeled a gang member and been placed on probation, without first confirming that the citizen is currently still on probation.

16.

On information and belief, Defendant City of Portland ratified the actions of Defendant Dulio.

**SECOND CLAIM FOR RELIEF**

(42 USC 1981 - Violation of the Fourth, Fifth, and Fourteenth Amendment)

17.

Mr. Kahl re-alleges each and every allegation of paragraphs 1 through 12 and incorporates those allegations by reference.

**Count Two – False Arrest**

18.

Defendant Main's individual acts and omissions caused Mr. Kahl to be arrested without probable cause in violation of the Fourth and Fourteenth Amendments to the United States Constitution. Defendant Main had no reason to arrest Defendant because he did not reasonably believe that he had jurisdiction over Defendant, because Defendant's probation had terminated. Defendant Main's actions deprived Mr. Kahl of his right not to be deprived of liberty without due process of law as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution.

\\
\\

**Count Three – False Imprisonment**

19.

Defendant Main's individual acts and omissions caused Mr. Kahl to be imprisoned against his will in violation of the Fourth and Fourteenth Amendments to the United States Constitution. Defendant Main had no reason to detain Mr. Kahl because he did not reasonably believe that Mr. Kahl had committed an offense, because Defendant was no longer on probation. Defendant Main's actions deprived Mr. Kahl of his right not to be deprived of liberty without due process of law as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution.

**Municipal Liability for Counts Two and Three**

20.

Multnomah County has established a practice, policy, and/or custom of improperly training, retraining, instructing, supervising, disciplining, and/or allowing its probation officers to enforce ordinances and state law without regard to the constitutional rights of citizens to be free from violations of the Fourth, Fifth, and Fourteenth Amendments, including false arrest and false imprisonment. Multnomah County has established a practice, policy, and/or custom of inadequately and improperly investigating complains of misconduct when it was known or apparent to Multnomah County that its probation officers have violated the Fourth, Fifth, and Fourteenth Amendment rights of individuals in the manner complained of in this lawsuit. Defendant Main's actions as alleged above are the result of Multnomah County's custom or practice in dealing with citizens who have been placed on probation and failing to verify that the probation is still active and has not ended before sanctioning or punishing those citizens.

\\

21.

On information and belief, Defendant Multnomah County ratified the actions of Defendant Main.

### THIRD CLAIM FOR RELIEF

(42 USC 1981 - Violation of the Fourth, Fifth and Fourteenth Amendment)

22.

Mr. Kahl re-alleges each and every allegation of paragraphs 1 through 12 and incorporates those allegations by reference.

**Count Four – False Arrest**

23.

Defendant Main's individual acts and omissions caused Mr. Kahl to be arrested without probable cause in violation of the Fourth and Fourteenth Amendments to the United States Constitution. Defendant Main had no reason to arrest Defendant because he did not reasonably believe that he had jurisdiction over Defendant, because Defendant's probation had terminated. Defendant Main's actions deprived Mr. Kahl of his right not to be deprived of liberty without due process of law as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution.

**Count Five – False Imprisonment**

24.

Defendant Main's individual acts and omissions caused Mr. Kahl to be imprisoned against his will in violation of the Fourth and Fourteenth Amendments to the United States Constitution. Defendant Main had no reason to detain Mr. Kahl because he did not reasonably believe that Mr. Kahl had committed an offense, because Defendant was no longer on probation. Defendant Main's actions deprived Mr. Kahl of his right not to be deprived of liberty without

due process of law as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution.

**Municipal Liability for Counts Four and Five**

25.

Multnomah County has established a practice, policy, and/or custom of improperly training, retraining, instructing, supervising, disciplining, and/or allowing its probation officers to enforce ordinances and state law without regard to the constitutional rights of citizens to be free from violations of the Fourth, Fifth, and Fourteenth Amendments, including false arrest and false imprisonment. Multnomah County has established a practice, policy, and/or custom of inadequately and improperly investigating complains of misconduct when it was known or apparent to Multnomah County that its probation officers have violated the Fourth, Fifth, and Fourteenth Amendment rights of individuals in the manner complained of in this lawsuit. Defendant Main's actions as alleged above are the result of Multnomah County's custom or practice in dealing with citizens who have been placed on probation and failing to verify that the probation is still active and has not ended before sanctioning those citizens.

26.

On information and belief, Defendant Multnomah County ratified the actions of Defendant Main.

**FOURTH CLAIM FOR RELIEF**

(Negligence - Common Law Torts)

27.

Mr. Kahl re-alleges each and every allegation of paragraphs 1 through 12 and incorporates those allegations by reference.

\\

Page 10 – FIRST AMENDED COMPLAINT

Christian Eickelberg
Attorney At Law, LLC
333 SW Taylor St, Ste 300
Portland, OR 97204

**Count Six - Negligence**

28.

At all times herein pertinent, Defendants, and each of them, were negligent in one or more of the following particulars:

   a. In failing to confirm that Mr. Kahl's probation was active and had not terminated.

29.

At all times pertinent, Defendant Main was negligent in one or more of the following particulars:

   a. In demanding that Mr. Kahl report to him at his office;

   b. In forcing Mr. Kahl to perform a drug test;

   c. In arresting and imprisoning Mr. Kahl for a total of eight days;

30.

At all times pertinent, Defendant Dulio was negligent in one or more of the following particulars:

   a. In reporting Mr. Kahl to his probation officer for alleged probation violations;

   b. In arresting and restraining Mr. Kahl without first confirming the presence of a valid arrest warrant.

31.

At all times pertinent, Defendant Multnomah County was negligent in one or more of the following particulars:

   a. In failing to train probation officers to confirm that a person is still on active probation before sanctioning that person;

   b. In adopting and maintaining a system that fails to adequately track when a person's probation is over;

    c.  In adopting and maintaining policies, customs and practices that encourage Multnomah County probation officers to ignore, without consequence, when a person on probation provides information that their probation is over.

32.

At all times pertinent, Defendant City of Portland was negligent in one or more of the following particulars:

    a.  In failing to train police officers to confirm that a person is still on active probation before reporting that person to their probation officer;

    b.  In failing to have an up to date system to determine whether a person is on active probation or not;

    c.  In adopting and maintaining policies, customs and practices that encourage Portland Police Officers to ignore, without consequence, citizens civil rights by labeling citizens gang members;

    d.  In adopting and maintaining policies, customs and practices encourage Portland Police officers to arrest individuals first and then to ask questions later, without regard to the rights of the individual who is being arrested.

## FIFTH CLAIM FOR RELIEF

(42 USC 1983 - Violation of First Amendment)

33.

Mr. Kahl re-alleges each and every allegation of paragraphs 1 through 12 and incorporates those allegations by reference.

34.

Mr. Kahl was exercising his constitutional right to freedom of speech, assembly, and association when he spent time in public with people who were labelled as "gang members" by

the Portland Police Bureau. Freedom of speech, assembly and association is a matter of public concern.

35.

The acts of defendants described herein were taken under color of state law.

36.

By reporting Mr. Kahl to his probation officer for allegedly violating his probation for associating with known "gang members," Defendant Dulio violated Mr. Kahl's right to freedom of association. Defendant Dulio's acts violated Mr. Kahl's rights under the First Amendment of the U.S. Constitution.

37.

By arresting Mr. Kahl and escorting him out of a place that he was lawfully for allegedly violating his probation for associating with known "gang members," Defendant Dulio violated Mr. Kahl's right to freedom of association. Defendant Dulio's acts violated Mr. Kahl's rights under the First Amendment of the U.S. Constitution.

38.

As a direct and proximate result of Defendant Dulio's unlawful acts, Mr. Kahl has suffered outrage, embarrassment, indignity, humiliation, injury, insult, and harm to his reputation.

**DAMAGES**

39.

As a direct and proximate result of the conduct of Defendants as stated in this Complaint, Mr. Kahl has suffered injuries and damages, including but not limited to:

1. Loss of liberty and cherished constitutional rights;

2. Emotional distress, humiliation, outrage, indignity, anguish, and shock;

3. Unwanted and offensive physical contact;

4. Damage to his reputation;

5. Loss of employment and lost wages;

6. Attorney fees and costs; and

7. Other damages currently unascertainable.

Mr. Kahl demands damages in an amount to be proven at trial, but no less than $150,000.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Kahl respectfully prays that this Court will enter a Judgment in his favor, and against Defendants, for:

1. Economic harm;

2. Non-economic harm;

3. Reasonable attorneys' fees, litigation expenses/costs, and expert fees pursuant to 42 U.S.C. § 1988;

4. Prejudgment and post-judgment interest as appropriate and allowed by law;

5. Equitable relief as provided by law, including but not limited to training for employees of the Portland Police Bureau and Multnomah County Department of Community Justice;

6. Injunctive relief as provided by law, including but not limited to prohibiting Portland Police or Multnomah County Department of Community Justice from labeling Mr. Kahl a gang member and seizing him for that reason;

7. On all claims, as applicable, amounts necessary to offset the income tax consequences of receiving a lump sum payment, rather than receiving a payment of wages over time;

8. Upon motion, punitive damages on the applicable claims; and

9. Any and all other relief as this court may deem proper.

Dated this 4th day of November, 2019

By,

*/s/ Christian Eickelberg*_____
CHRISTIAN EICKELBERG, OSB #143131
Email: Christian@Eickelberglaw.com
Christian Eickelberg, Attorney at Law, LLC
333 SW Taylor St
Portland, OR 97204
Telephone: (503) 995-6108
Fax: (503) 217-5510

**Attorney for Plaintiff Ibrahim Kahl**

**JURY TRIAL REQUESTED**